Therese **PETERS** and Thomas Peters, Plaintiffs,

v.

**QUALITY LATEX, INC.; Quantum Labs, Inc.; Sime Darby Berhad; Veratex Corporation; Dental and Physicians Supply; Abbott Laboratories, Inc.; Abbott Laboratories/Ashland, Inc.; Smart Practice, Inc.; Henry Schein, Inc.; Baxter Healthcare Corporation; Baxter International, Inc.; Baxter Healthcare, S.A.; Allegiance Corporation; Allegiance Healthcare Corporation; Allegiance Healthcare, SDN BHD; and John Does 1-10, Defendants.**

Civil Action No. 98–C–929.

United States District Court, E.D. Wisconsin.

Oct. 23, 1998.

Earl Gray, Paul Applebaum, and Patrick Flanagan, St. Paul, MN, for plaintiffs.

Charles D. Kochler, Herrling, Clark, Hartzheim & Siddall, Appleton, WI, for Dental & Physician Supply.

Rocke A. Calvelli, Quale, Feldbrnegge, Calvelli, Thom & Croke, Milwaukee, WI, for Quantum Labs.

Gerardo H. Gonzalez, Paul Voelker, Aryka Steele Radke, Gonzalez, Saggio, Birdsall & Harlan, Milwaukee, WI, for Abbott Laboratories.

Frank L. Steeves, Crivello, Carlson, Mentkowski & Steeves, Milwaukee, WI, for Quality Latex.

Ralph A. Weber, Sandra R. Botcher, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, WI, for SmartHealth d/b/a Smart Practice.

## ORDER REQUIRING PLAINTIFFS TO DEMONSTRATE SUBJECT MATTER JURISDICTION

REYNOLDS, District Judge.

This is a products liability action regarding latex gloves. Plaintiffs' complaint alleges that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, which statute requires diversity of citizenship and an amount in controversy which exceeds $75,000. The complaint alleges that plaintiffs are Wisconsin citizens, and that all defendants, with one exception, are citizens of states other than Wisconsin. As it now reads, the complaint does not sufficiently demonstrate that this court has subject matter jurisdiction.

With respect to defendant Dental and Physicians Supply, the complaint alleges that it "is a Wisconsin business with its principal place of business in Wisconsin" and it "is not registered or qualified to do business in Wisconsin." (Sept. 17, 1998 Compl. ¶ 8.) If Dental and Physicians Supply is a corporation, its place of incorporation and principal place of business determine citizenship. 28 U.S.C. § 1332(c)(1). If unincorporated, Dental and Physicians Supply is considered a citizen "of every jurisdiction in which any equity investor or member is a citizen." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir.1998). If Dental and Physicians Supply is deemed a Wisconsin citizen, there is no diversity of citizenship.

On or before October 30, 1998, plaintiffs Therese Peters and Thomas Peters shall serve and file an appropriate submission to demonstrate that this court has subject matter jurisdiction over this action.

On or before November 13, 1998, any defendant who objects to plaintiffs' submission may serve and file a response.